UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. NASH,

    Petitioner,

v.

                                 Case No. 13-cv-1228-pp

JEFFREY PUGH, Warden
Stanley Correctional Institution,

    Respondent.

## DECISION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

*Pro se* petitioner Willie M. Nash filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The petitioner is incarcerated in a Wisconsin state prison, serving a ten-year sentence imposed for second-degree reckless homicide in violation of Wis. Stat. §940.06(1). The petitioner alleges that his appellate lawyer was ineffective because he did not argue that the petitioner's trial counsel was ineffective, in violation of the petitioner's constitutional right to counsel, and he asks the court to schedule an evidentiary hearing to evaluate his claims. The court denies the petition, because, as the court explains below, the petitioner procedurally defaulted his claims in state court.

## I. BACKGROUND

In a jury trial in the Milwaukee County Circuit Court, the state presented evidence that, on the evening of March 27, 2008, the petitioner argued and fought with Sandra Green in a city street. Dkt. Nos. 13-1, at 1; 13-2, at 2. The petitioner struck Green, causing her to fall to the ground. Dkt. No. 13-2, at 2. He then kicked her twice in the head. Id. The driver of an approaching vehicle saw the petitioner standing in the street, looking down at something. Id. The petitioner then walked to the curb, leaving Green lying in the street. Id. As the driver approached the scene, he saw Green on the ground and pulled into the right lane, next to Green. Id. As the driver was attempting to speak with Green, another vehicle passed and ran over Green, killing her. Id. The jury convicted the petitioner on January 22, 2009. Dkt. No. 13-1, at 1. The trial court entered its judgment of conviction on March 6, 2009. Id. at 2.

In his appeal from the jury's verdict, the petitioner was represented by a new lawyer. The petitioner argued on appeal that he should get a new trial, because the trial court did not give the jury sufficient instructions on the causation element of reckless homicide. Dkt. No. 13-2, at 3. The petitioner's appellate lawyer did not argue in the direct appeal that his trial lawyer was ineffective. See Dkt. No. 13-5, at 21. The Wisconsin Court of Appeals affirmed the petitioner's conviction in a written opinion dated January 17, 2012. Id. at 19.

The petitioner, representing himself, filed a post-conviction motion in the trial court under Wis. Stat. §974.06. In that motion, the petitioner argued that

2

his *appellate* lawyer was ineffective, because he failed to argue that the petitioner's *trial* counsel was ineffective. The petitioner argued that his appellate lawyer should have argued that trial counsel failed: (1) to read police reports in preparation for trial; (2) to interview the State's "only witness" in preparation for cross-examination; (3) to discuss trial strategy with the petitioner; (4) to call four "eyewitnesses" who would have testified that they did not observe the petitioner arguing or fighting with Green in the street; and (5) to argue or object that the State's "only witness" was not an eyewitness to the crime. Dkt. No. 13-4, at 12-13. The trial court evaluated each of these claims individually, and found that the petitioner's allegations were "wholly conclusory and fail[ed] to state a viable claim for relief." Id., at 13. The trial court denied the motion without a hearing. Id., at 13-16.

The petitioner then appealed *that* decision. On this appeal, the Wisconsin Court of Appeals affirmed the trial court's decision. That court expressly stated that it "agree[d] with the trial court's analysis of each of [the petitioner's] allegations," and concluded that the trial court had discretion to deny the petitioner's motion without a hearing, because the "motion was not sufficient to warrant a hearing or relief" and "presented only conclusory allegations that he suffered prejudice." Dkt. No. 13-2, at 4, 6. The Wisconsin Supreme Court denied the petitioner's petition for review on August 1, 2013. Dkt. No. 13-3.

The petitioner timely filed the instant §2254 petition on November 1, 2013. Dkt. No. 1. As he did in the state trial court, the petitioner argues that his post-conviction appellate lawyer was ineffective because he did not argue

3

that the petitioner's trial counsel was ineffective. See generally, Dkt. Nos. 1-2. The petitioner's briefs in support of the current petition raise the same allegations of ineffective assistance that he raised in his §974.06 motion in the state trial court. Compare Dkt. Nos. 2 and 15 with Dkt. No. 13-5, at 25-29. In his brief, the petitioner argues that his §974.06 motion contained specific facts that warranted an evidentiary hearing, and he asks this court to grant that hearing to evaluate his claims of ineffective assistance of counsel. Dkt. No. 15, at 7-8. On November 25, 2013, the court entered an order directing the state to answer the petition, and denying the petitioner's motion to appoint counsel. Dkt. No. 7. The state answered timely, and the petition now is fully briefed and ripe for review.

## II.  ANALYSIS

The court concludes that it cannot review the petitioner's ineffective assistance of counsel claims on the merits, because he procedurally defaulted those claims in the state court system by failing to give the state courts enough information in his §974.06 motion to allow them to evaluate the claims in the first place. Below, the court explains: (a) the requirement that a habeas petitioner must exhaust his state remedies before filing a §2254 petition; (b) how the exhaustion requirement relates to the doctrine of procedural default; (c) Wisconsin's procedural requirement that a motion under §974.06 must be supported by sufficient material facts in order to warrant an evidentiary hearing; and (d) why the doctrine of procedural default prevents this court from reviewing the petition on the merits.

4

> A. <u>State Prisoners Must Present Their Constitutional Claims to the State's Highest Court Before Filing Those Claims in a Federal Habeas Petition.</u>

State prisoners are required to "exhaust" the remedies available to them in the state court system before a district court will consider the merits of constitutional claims in a federal habeas petition. 28 U.S.C. §2254(b)(1)(A); <u>Dressler v. McCaughtry</u>, 238 F.3d 908, 912 (7th Cir. 2001) (if a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A federal district court cannot address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." <u>Farrell v. Lane</u>, 939 F.2d 409, 410 (7th Cir. 1991) (citation omitted).

"A petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" <u>Weddington v. Zatecky</u>, 721 F.3d 456, 465 (7th Cir. 2013) (quoting <u>Villanueva v. Anglin</u>, 719 F.3d 769, 775 (7th Cir. 2013)). A petitioner exhausts his constitutional claim when he has presented it to the highest state court for a ruling on the merits. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999); <u>Arrieta v. Battaglia</u>, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. <u>Humphrey v. Cady</u>, 405 U.S. 504, 516 n. 18, 92 S. Ct. 1048, 1055 n.16 (1972).

5

B. **If a Petitioner Procedurally Defaulted Claims in the State Court System, a Federal Court Cannot Review Those Claims in a Federal Habeas Petition.**

Even if a petitioner exhausts review of his constitutional claim in the state courts, it is possible that a federal habeas court cannot review the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" his claim—and loses his right to federal habeas review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911, 1917 (2013).

If the state procedural bar is independent and adequate to support the decision, a federal §2254 petition does not provide a defendant who has procedurally defaulted his claim in state court to litigate that defaulted claim in federal court. This doctrine is based on fairness, and, consistent with the exhaustion requirement, the principle that in a federal system, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2555 (1991). The Coleman court explained that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to

6

address those claims in the first instance." Id., at 732, 111 S. Ct. at 2555. If the independent and adequate state ground doctrine did not exist, state prisoners could "avoid the exhaustion requirement by defaulting their federal claims in state court," and then litigating those claims on the merits for the first time in federal district court. Id. After all, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." Id. "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases" by preventing evasion of the exhaustion requirement. Id.

Under the "independent and adequate state ground" doctrine, a constitutional claim cannot be raised in a federal habeas petition if "a state-law default *prevent[ed] the state court* from reaching the merits of a federal claim . . . ." Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S. Ct. 2590, 2593 (1991) (emphasis added). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Cone v. Bell, 556 U.S. 449, 465, 129 S. Ct. 1769, 1780 (2009). A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012) (quoting Kaczmarek v. Rednour, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground

7

is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Id.

When determining if a state ground is adequate, this court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014). Discretionary state procedural rules (such as the Allen rule, which is discussed below and controls the outcome in this case) "can serve as an adequate ground to bar federal habeas review." Beard v. Kindler, 558 U.S. 53, 60, 130 S. Ct. 612, 618 (2009). If the state court did not review the constitutional claim on its merits pursuant to an independent and adequate state procedural rule, the petitioner must show either (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice for the federal habeas court to revive the claim.[1] Coleman, 501 U.S. at 750, 111 S. Ct. 2565.

### C. Under Wisconsin Law, Post-Conviction Motions under Wis. Stat. §974.06 Must Allege Claims with Factual Specificity

The petitioner's case involves a specific kind of state procedural bar: the petitioner's failure to give the state courts sufficient information to allow them to meaningfully review federal constitutional claims of ineffective assistance of

---

[1] The ineffective assistance of post-conviction counsel can be a sufficient reason for a defendant's failure to raise an ineffective assistance claim on direct appeal or in a prior motion. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 681-62, 556 N.W.2d 136, 140 (Ct. App. 1996)). However, in this case, the trial court determined it could not "find that postconviction counsel was ineffective for failing to raise trial counsel's performance as an issue in a postconviction motion or appeal." Dkt. No. 13-4, at 15.

8

counsel presented in a §974.06 motion. Under Wisconsin's post-conviction procedures, a §974.06 motion is the equivalent of a petition for a writ of habeas corpus. Morales v. Boatwright, 580 F.3d 653, 656 (7th Cir. 2009). The petitioner correctly filed his §974.06 motion in the trial court where he was convicted, because "§974.06 motions challenging the effectiveness of appellate counsel on the grounds that appellate counsel should have challenged trial counsel's effectiveness should be filed in the trial court." Id.

For a Wisconsin court to grant an evidentiary hearing to a defendant on a §974.06 motion, however, the defendant must allege "sufficient material facts—*e.g.,* who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." State v. Allen, 274 Wis. 2d 568, 573, 682 N.W.2d 433, 436 (2004). A defendant is entitled to an evidentiary hearing on a §974.06 motion only if the motion alleges facts that, if true, would entitle him to relief under the standards in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Allen, 274 Wis. 2d at 587, 682 N.W.2d at 442. Under Strickland, a claim of ineffective assistance of counsel has two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A §974.06 motion alleging ineffective assistance of counsel must give the trial court facts that allow the

9

court "to meaningfully assess" the claim, including facts that allow the court to assess the claim of prejudice; conclusory allegations without factual support are insufficient to establish the right to a hearing or relief. State v. Bentley, 201 Wis. 2d 303, 316, 548 N.W.2d 50, 56 (1996); see also Allen, 274 Wis. 2d at 576, 682 N.W.2d at 437.

Thus, Strickland explains the substantive standards that the trial court uses to evaluate a §974.06 motion, but Allen's procedural rule governs whether a defendant is entitled to an evidentiary hearing on a §974.06 motion in the first place. If the defendant does not give the trial court the information required by Allen, the court can deny his motion without a hearing. Allen, 274 Wis. 2d at 579-80, 682 N.W.2d at 438-39. The trial court's denial of a §974.06 motion on that ground does not reach the merits of the defendant's ineffective assistance claim; it means the court didn't have enough information to even grant a hearing on the merits of the claim. See Lee v. Foster, 750 F.3d 687, 693 (7th Cir. 2014). And, because the Allen rule is well-established and consistently followed in Wisconsin, a defendant can "procedurally default" his ineffective assistance claim if he fails to give the state trial court enough information to begin with. Id. at 693-94.

So, in the petitioner's case, Allen requires that his §974.06 motion had to contain facts that, if true, established that (1) the petitioner's trial counsel's performance was constitutionally deficient, and (2) but for counsel's errors, the result of the trial would have been different. Allen, 274 Wis. 2d at 587, 682, N.W.2d at 442-43. If his §974.06 motion did not show a reasonable probability

10

that the result of the trial would have been different, the trial court did not need to evaluate the trial counsel's performance. State v. Moats, 156 Wis. 2d 74, 101, 457 N.W.2d 299, 311 (1990).

      D.    <u>The Petitioner's Claims Are Procedurally Defaulted Because the Wisconsin Court of Appeals Relied on the Allen Rule to Dismiss his §974.06 Motion, Which Is an Independent and Adequate State Law Ground.</u>

In its response to the instant habeas petition, the state argues that this court cannot grant an evidentiary hearing, or review the petitioner's constitutional ineffective assistance claims, because his §974.06 motion did not meet the <u>Allen</u> standards and the state courts applied an independent and adequate procedural bar in dismissing his claims. For that reason, the state argues that the petitioner has procedurally defaulted those claims.

The Milwaukee County Circuit Court expressly referred to <u>Allen</u> when it evaluated whether the petitioner's §974.06 "motion on its face alleges sufficient material facts that, if true, would entitle [the petitioner] to an evidentiary hearing." Dkt. No. 13-2, at 3-4 (citing <u>Allen</u>, 274 Wis. 2d at 576-77, 682 N.W.2d at 437). In its written decision, the trial court considered each issue the petitioner raised, to determine if any of them were supported by enough facts to meet the <u>Allen</u> standard. The trial court found that the petitioner's claims were "wholly conclusory," without any factual basis, and in three instances, it found that the petitioner's claims were frivolous and directly contradicted by the trial record. Dkt. No. 13-4, at 13-15. The trial court dismissed the §974.06 motion without an evidentiary hearing because it determined that none of the

11

petitioner's claims were supported by facts that would justify holding a hearing. Id.

The Wisconsin Court of Appeals' February 26, 2013 opinion affirming the trial court's denial of the petitioner's §974.06 motion is the "last explained state-court judgment," so this court reviews that decision in order to decide if the petitioner's present habeas petition is procedurally barred. Ylst, 501 U.S. at 805, 111 S. Ct. at 2595. "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent" of the court's decision on the merits of the claims. Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). If the state court's procedural ruling is primary, then the procedural ruling is independent and results in procedural default. Id.

The Wisconsin Court of Appeals also relied on Allen in considering whether the petitioner's §974.06 motion, on its face, alleged sufficient material facts that, if true, would entitle him to an evidentiary hearing. Dkt. No. 13-2, at 4 (citing Allen, 274 Wis. 2d at 576-77, 682 N.W.2d at 437). The Wisconsin Court of Appeals did not reach the substantive merits of the petitioner's ineffective assistance claims and affirming the trial court's denial of the petitioner's §974.06 motion without a hearing—it did not decide whether the petitioner's trial counsel's performance satisfied his constitutional right to representation or whether counsel's alleged errors deprived him of a fair trial.[2]

---

[2] It is true that the Wisconsin Court of Appeals mentioned the merits of the petitioner's ineffective assistance claims when it wrote that "[t]he circuit court explained why each of the alleged trial counsel deficiencies lacked merit." Dkt.

12

Rather, it relied on the procedural rule established in Allen. The Wisconsin Court of Appeals agreed with the trial court's analysis that the petitioner's ineffective assistance claims were "'wholly conclusory and fail[ed] to state a viable claim for relief.'" Id., at 5. It concluded that the trial court had discretion to deny the petitioner's motion without a hearing because the motion "presented only conclusory allegations that he suffered prejudice[.]" Id., at 6 (citing State v. Balliette, 336 Wis. 2d 358, ¶18, 805 N.W.2d 334, 339 (2011) (quoting Allen, 274 Wis. 2d at 576-77, 682 N.W.2d at 437 (if the motion "'presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief,' the grant or denial of the motion is a matter of discretion entrusted to the circuit court.")). The state appellate court agreed with the trial court's analysis that the petitioner's ineffective assistance claims were "'wholly conclusory and fail to state a viable claim for relief.'" Id., at 5. The Wisconsin Court of Appeals clearly and expressly based its decision on a state procedural rule, not the substantive merits of the petitioner's ineffective assistance claims. The petitioner's claims are procedurally barred and cannot be reviewed by this court.

---

No. 13-2, at 5. But a fair reading of the opinion shows that the appellate court based its decision that the petitioner's §974.06 motion was not sufficient to warrant a hearing or relief on the fact that it did not satisfy Allen's procedural rule. It is clear that the appellate court didn't decide the case on the merits of the claim; it said: "*even if this court were to conclude* that trial counsel performed deficiently in any way, the petitioner's claims fail because he has not demonstrated prejudice." Id. (emphasis added). This makes it clear that the court did not actually evaluate the substantive merits of the petitioner's ineffective assistance claims. It based its decision on the petitioner's procedural failure to allege sufficient facts in the motion to support his claim. Allen, 274 Wis. 2d at 584, 682 N.W.2d at 441.

13

Was the basis for the Wisconsin Court of Appeals' decision independent and adequate? The answer clearly is yes. A federal court's review of the adequacy of the Allen rule as a state ground for denying relief "is limited to whether it is a firmly established and regularly followed state practice at the time it is applied." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014). The Seventh Circuit previously has held that "[t]he Allen rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate." Id. (citing State v. Negrete, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); Balliette, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); State v. Love, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); State v. McDougle, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013)). Lee establishes that the Allen rule is adequate, and this court does not consider "whether the review by the state court was proper on the merits." Id.

As another court in this district explained, the Allen rule is "reasonable—having proceeded through a trial with the assistance of counsel, the defendant should be required "to at least allege that there are specific facts that warrant the further expenditure of time and resources that an evidentiary hearing requires . . . [because] the failure to call witnesses is ineffective assistance only if there were witnesses with information helpful to the defense." Edmondson v. Baenen, No. 13-CV-513, 2013 WL 2450095, at *2 (E.D. Wis., June 5, 2013). In Edmondson, the court determined in its screening order that the petitioner "[was] not entitled to federal habeas relief" because the state courts found that his §974.06 motion did not meet Allen's procedural requirements. Id. (holding

14

that the trial court's denial of a §974.06 motion on that basis is "an adequate an independent state ground for denying [the petitioner] relief that precludes federal review under §2254.") (citing Hayes v. Battaglia, 403 F.3d 935, 937 (7th Cir.2005)).

The court finds, therefore, that the Wisconsin Court of Appeals based its decision on an independent state procedural ground, which was adequate because it is clearly established under Wisconsin law. The petitioner has not established cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would result if this court did not consider his claims on the merits. Ylst, 501 U.S. 797, 801, 111 S. Ct. 2590, 2593 (1991). This means the petitioner's claims are procedurally barred and cannot be reviewed by this court.

    E.    This Court Will Not Issue a Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks omitted).

15

Case 2:13-cv-01228-PP    Filed 06/29/15    Page 15 of 17    Document 20

If a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id., 529 U.S. at 484, 120 S. Ct. at 1604. If a district court dismissed a habeas petition based on procedural grounds, without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. Id., at 485.

In this case, the court concludes that its decision to dismiss the petitioner's claims on procedural grounds is neither incorrect nor debatable among jurists of reason. The Wisconsin Court of Appeals clearly held that the petitioner's motion was insufficient under Allen to establish his right to an evidentiary hearing or to state claims for relief. Therefore, the court will not issue a certificate of appealability.

## III.    CONCLUSION

For the reasons explained above, the court concludes the petitioner's constitutional ineffective assistance of counsel claims are procedurally defaulted because there exists an adequate and independent state law ground

16

that precludes federal review. The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the court **DENIES** the petition, and directs the clerk to enter judgment dismissing the action.

Dated in Milwaukee this 29th day of June, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge